UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Glen Broemer (By Telephone)     Anthony Zepeda

    Andrea Kornblau

**Proceedings:**     **DEFENDANT COUNTY OF VENTURA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 19, filed October 6, 2016)**

**DEFENDANT COUNTY OF VENTURA'S MOTION TO STRIKE DOCUMENTS FILED UNDER SEAL (Dkt. 30, filed October 16, 2016)**

**PLAINTIFF JOHN J. DOE'S EX PARTE APPLICATIONS FOR A TEMPORARY RESTRAINING ORDER (Dkts. 20, 21, 22, filed October 6 and 7, 2016)**

## I. INTRODUCTION

On July 14, 2016, plaintiff John J. Doe filed a complaint against the City of Oxnard, unnamed officers or agents of the City of Oxnard, and Does 1–100. Dkt. 1. In his original complaint, plaintiff asserted two claims: (1) violation of his constitutional rights under 42 U.S.C. § 1983; and (2) intentional infliction of emotional distress ("IIED").

On July 24, 2016, plaintiff filed his first amended complaint, adding the County of Ventura ("the County") and unnamed agents or employees of the County of Ventura as defendants. Dkt. 5 ("FAC"). Plaintiff asserts four claims in his FAC: (1) violation of his constitutional rights under 42 U.S.C. § 1983; (2) IIED; (3) battery; and (4) interference with plaintiff's right of speech, petitioning, and employment under the Bane Act. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

    On October 6, 2016, the County filed the instant motion to dismiss plaintiff's FAC for failure to state a claim on which relief may be granted. Dkt. 19. Plaintiff failed to file a timely opposition, and instead filed his opposition to Ventura's motion on October 28, 2016. Dkt. 31; see L.R. 7-9. The Court, however, considers plaintiff's opposition. See L.R. 7-12. On November 3, 2016, the County filed its reply. Dkt. 41.

    On October 6 and 7, 2016, plaintiff filed three applications for a temporary restraining order to prevent defendants from divulging his identity. Dkts. 20, 21, 22. On October 9, 2016, plaintiff filed a "Reply" in relation to his request for a temporary restraining order. Dkt. 24.

    On October 7 and 11, 2016, the City of Oxnard ("Oxnard") filed notices that plaintiff has been declared a vexatious litigant. Dkts. 23, 25.[1]

    On October 11, 2016, the Court denied plaintiff's request for a temporary restraining order because plaintiff had already disclosed his identity in his Notice of Interested Parties, see dkt. 7, and, therefore, plaintiff had failed to show imminent harm.[2]

---

[1] Oxnard designated its second notice as an "opposition" to plaintiff's request for a temporary restraining order in the Court's electronic case filing system. Dkt. 25.

[2] Plaintiff identified himself as Glen Broemer. Dkt. 7. Broemer was designated a vexatious litigant on February 6, 2014, in Case No. 2:10-cv-05193-MMM-RZ. Specifically, the court required that Broemer to submit for screening any pleading that he proposes to file to initiate a new action, where the pleading asserts claims based on the following perceived wrongs:

> (1) efforts to manipulate Broemer's personal and romantic relationships,
> (2) efforts to manipulate Broemer's consciousness, (3) efforts to limit Broemer's employment options or prevent him from being employed,
> (4) attempts to use Broemer as a means of exposing government abuse, (5) the unauthorized taking or use of Broemer's writings, copyrighted work, or intellectual property, (6) the "spiking" of Broemer's food with stimulants, drugs, toxins, bacteria, or fungi without his consent, (7) efforts to convince Broemer that his legs are not the same length and to advise him on the medical treatment he should obtain for the condition, (8) efforts to get Broemer addicted to methamphetamine or other drugs, (9) efforts to promote Broemer's consumption of alcohol (10) compelling Broemer to work for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

government or the intelligence agencies of the United States, (11) retaliating against Broemer for his public criticisms of prominent Republicans, (12) use of Broemer in sting operations, (12) efforts to stall freeway traffic, (13) attacks against Broemer or his pets using energy weapons, gas, or microwaves, (14) efforts to sabotage Broemer's vehicle, (15) the theft of Broemer's pets, (16) the monitoring of Broemer, (16) the eviction of Broemer, and (17) any other matter related to any of the claims or issues raised in the following actions: Broemer v. CIA, et al., No. CV 01-1629 MMM (RZx) (C.D. Cal. 2001)[;] Broemer v. United States, et al., No. CV 01-07241 MMM (RZx) (C.D. Cal. 2001)[;] Broemer v. Central Intelligence Agency, et al., No. CV 01-0430 MMM (RZx) (C.D. Cal. 2001)[;] Broemer v. United States, et al., No. CV 03-09097 ER (RZx) (C.D. Cal. 2003)[;] Broemer v. Federal Bureau of Investigation, et al., No. CV 08-05515 MMM (RZx) (C.D. Cal. 2008)[;] Broemer v. George Bush, et al., CV 10-05193 MMM (RZx) (C.D. Cal. 2008).

Broemer v. Bush, No. 2:10-cv-05193-MMM-RZ (Feb. 2, 2014 C.D. Cal.), dkt. 62 at 16. The court also found it appropriate for Broemer to submit for screening any pleadings against the following parties:

(1) the Central Intelligence Agency, (2) the Federal Bureau of Investigation, (3) the Department of Justice, (4) the National Security Agency, (5) the Department of Homeland Security, (6) the Defense Intelligence Agency, (7) the United States Secret Service, (8) the United States Army, (9) the Internal Revenue Service, (10) the United States Postal Service, (11) the Office of Personnel Management, (12) the National Personnel Records Center, (13) any agent or employee of those agencies and departments (14) the United States House of Representatives, (15) the City and County of Los Angeles, (16) former President George W. Bush; (17) former Vice President Dick Cheney; (18) former CIA director George Tenet; and (19) former Minnesota Governor Tim Pawlenty.

Id. at 17. At oral argument, counsel for Oxnard argued that plaintiff's claim should be dismissed with prejudice because plaintiff, a vexatious litigant, failed to pre-clear his complaint with the Court. While plaintiff is required to submit for screening any pleading asserting claims based on, inter alia, "attacks against Broemer or his pets using energy weapons, gas, or microwaves," see id. at 16, plaintiff does not allege in his current

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

Dkt. 26. The Court ordered defendants to show cause why a preliminary injunction should not issue. Id.

On October 14, 2016, plaintiff filed a "Sealed Reply" in relation to the Court's October 11 order and plaintiff's October 9 "Reply." Dkt. 29. On October 16, 2016, defendants filed a motion to strike this under-seal submission. Dkt. 30.

On October 24, 2016, defendants filed an opposition to plaintiff's motion for a preliminary injunction. Dkt. 34.

## II. BACKGROUND

Plaintiff alleges that acts of violence were committed against him while he resided in the City of Oxnard in Ventura County. FAC ¶ 1. Plaintiff contends that he was "regularly assaulted" in an unspecified manner by unspecified individuals while residing in Oxnard. Despite plaintiff's attempts to contact the Oxnard Police Department, plaintiff avers that no protection was provided and he suffered physical injury. Id. ¶¶ 5–7. Plaintiff alleges that several of his pets were killed while he lived in Oxnard. Id. ¶ 8. Plaintiff asserts that he is entitled to relief under 42 U.S.C. § 1983 because "Defendants maintained policies that amounted to deliberate indifference to Plaintiff's constitutional rights and that the policies were the moving force behind the constitutional violation." Id. ¶ 13. Plaintiff raises a claim of IIED, alleging that he suffered severe emotional distress as a result of defendant's intentional and reckless conduct. Id. ¶ 16–18. Plaintiff asserts a claim of battery, contending that defendants initiated harmful and offensive contact against plaintiff on numerous occasions without plaintiff's consent. Id. ¶¶ 20–21. Finally, plaintiff raises a claim under the Bane Act, Cal. Civ. Code § 52.1, averring that defendants interfered with his rights of speech, petitioning, and employment by threatening or committing violent acts. Id. ¶ 27.

The County requests that the Court dismiss plaintiff's FAC for failure to state a claim on which relief may be granted. Dkt. 19. Defendants also request that the Court strike plaintiff's "Sealed Reply," dkt. 29, because plaintiff failed to comply with Local Rule 79-5.2.2. Dkt. 30. Local Rule 79-5.2.2 requires that a party seeking to file a document under seal in a non-sealed civil case must submit:

complaint that the attacks against him or his pets were made by "energy weapons, gas, or microwaves." Accordingly, the Court concludes that plaintiff need not have submitted his complaint in the instant case for screening.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

"(i) A declaration (1) establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard, and (2) informing the Court whether anyone opposes the Application.

(ii) A proposed order, narrowly tailored to seal only the sealable material, and listing in table form each document or portion thereof to be filed under seal.

(iii) A redacted version of any document(s) of which only a portion is proposed to be filed under seal, conspicuously labeled "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL."

(iv) An unredacted version of the document(s) proposed to be filed under seal, conspicuously labeled "UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL," with any proposed redactions highlighted.

L.R. 79-5.2.2.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Case 2:16-cv-05213-CAS-SK   Document 45   Filed 11/07/16   Page 7 of 8   Page ID #:487

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

### B. Preliminary Injunction

A "preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689–90 (2008). Thus, a district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). Such a showing requires that the plaintiff establish he or she "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009); see also Johnson v. Couturier, 572 F.3d 1067, 1081 (9th Cir. 2009); American Trucking Associations, 559 F.3d 1046, 1052 (9th Cir. 2009).

## IV. DISCUSSION

Having reviewed the parties' submissions, the Court concludes that plaintiff's FAC fails to state a claim on which relief may be granted. The FAC contains only conclusory allegations and recitations of the elements of plaintiff's claims for relief. Plaintiff's "formulaic recitation of a cause of action's elements" fails to satisfy even the liberal pleading standard of Rule 8(a)(2). See Twombly, 550 U.S. at 555. In addition, plaintiff's Section 1983 claim fails because he does not allege any affirmative conduct undertaken under the color of law and "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 197 (1989); see Penilla v. City of Huntington Park, 115 F.3d 707, 710 (9th Cir. 1997) ("We have interpreted DeShaney to mean that if affirmative conduct on the part of a state actor places a plaintiff in danger, and the officer acts in deliberate indifference to that plaintiff's safety, a claim arises under § 1983."). Because plaintiff has not alleged facts that plausibly support his claims for relief, the Court **GRANTS** the County's motion to dismiss plaintiff's FAC. The operative complaint is dismissed without prejudice as against all defendants.

Because the Court dismisses plaintiff's FAC, plaintiff's motion for a preliminary injunction is **DENIED** as moot. The Court notes, however, that plaintiff has already disclosed his identity. As a result, any additional requests to proceed anonymously will be denied.

CV-549 (10/16)           CIVIL MINUTES – GENERAL           Page **7** of **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-5213-CAS(SKx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | JOHN J. DOE v. THE CITY OF OXNARD; ET AL. | | |

The Court agrees with defendants that plaintiff's "Sealed Reply," dkt. 29, was improperly filed under seal in contravention of Local Rule 79-5.2.2. Plaintiff did not submit any of the four documents required by Local Rule 79-5.2.2 before filing his "Sealed Reply," dkt. 29. In addition, plaintiff is not entitled to file a reply in relation to an ex parte application for temporary relief absent leave of court. Therefore, the Court **GRANTS** defendants' motion to strike plaintiff's "Sealed Reply," dkt. 29. Plaintiff's "Sealed Reply," dkt. 29, is hereby stricken.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the County's motion to dismiss plaintiff's FAC. Plaintiff's FAC is **DISMISSED** without prejudice as against all defendants. Plaintiff may file a second amended complaint **within twenty-one (21) days** from the date of this order. The Court **DENIES** plaintiff's motion for a preliminary injunction. The Court **GRANTS** defendants' motion to strike plaintiff's "Sealed Reply," dkt. 29.

IT IS SO ORDERED.

00 : 07
Initials of Preparer    CMJ