UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV16-5213-CAS(SKx) | Date | December 22, 2016 |
|---|---|---|---|
| Title | GLEN BROEMER v. THE CITY OF OXNARD ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) DEFENDANT CITY OF OXNARD'S MOTION FOR ORDER RE RENEWED NOTICE OF VEXATIOUS LITIGANT AND REQUEST FOR STATUS CONFERENCE (Dkt. 52, filed December 7, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of January 9, 2017 is vacated, and the matter is hereby taken under submission.

On December 7, 2016, the City filed the instant renewed motion to declare plaintiff a vexatious litigant "on the grounds that the SAC is now being prosecuted by a declared vexatious litigant, who is proceeding in pro per." Dkt. 52 at 2. In addition, the City requests a status conference to: (a) establish the proper form for the caption in this action because "plaintiff has made no formal motion to amend the caption or substitute parties or counsel" and "Defendants are unsure of the proper caption for pleadings in this Action";[1] and (b) request that defendants' time to file responsive pleadings be stayed until the Court determines whether the operative second amended complaint ("SAC") is subject to pre-screening. Id. at 2, 5. In its conclusion, the City also requests that the Court "dismiss, *sua sponte*, plaintiff's action, with prejudice because plaintiff continues to file complaints in this Action in violation of the Vexatious Litigant Order." Id. at 6. Plaintiff filed an opposition to the City's motion on December 21, 2016. Dkt. 54.

On February 6, 2014, in Broemer v. Bush, No. 2:10-cv-05193-MMM-RZ, Judge Morrow designated plaintiff a vexatious litigant and required plaintiff to submit for

---

[1] The Court notes that, on November 28, 2016, the Court terminated John J. Doe as a party to this case and added Broemer as plaintiff. Therefore the Court declines to set a status conference regarding the caption in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-5213-CAS(SKx) | Date | December 22, 2016 |
|---|---|---|---|
| Title | GLEN BROEMER v. THE CITY OF OXNARD ET AL. | | |

screening any pleading that he proposes to file to initiate a new action, where the pleading asserts claims based on the following perceived wrongs:

(1) efforts to manipulate Broemer's personal and romantic relationships, (2) efforts to manipulate Broemer's consciousness, (3) efforts to limit Broemer's employment options or prevent him from being employed, (4) attempts to use Broemer as a means of exposing government abuse, (5) the unauthorized taking or use of Broemer's writings, copyrighted work, or intellectual property, (6) the "spiking" of Broemer's food with stimulants, drugs, toxins, bacteria, or fungi without his consent, (7) efforts to convince Broemer that his legs are not the same length and to advise him on the medical treatment he should obtain for the condition, (8) efforts to get Broemer addicted to methamphetamine or other drugs, (9) efforts to promote Broemer's consumption of alcohol (10) compelling Broemer to work for the government or the intelligence agencies of the United States, (11) retaliating against Broemer for his public criticisms of prominent Republicans, (12) use of Broemer in sting operations, (12) efforts to stall freeway traffic, (13) attacks against Broemer or his pets using energy weapons, gas, or microwaves, (14) efforts to sabotage Broemer's vehicle, (15) the theft of Broemer's pets, (16) the monitoring of Broemer, (16) the eviction of Broemer, and (17) any other matter related to any of the claims or issues raised in the following actions: Broemer v. CIA, et al., No. CV 01-1629 MMM (RZx) (C.D. Cal. 2001)[;] Broemer v. United States, et al., No. CV 01-07241 MMM (RZx) (C.D. Cal. 2001)[;] Broemer v. Central Intelligence Agency, et al., No. CV 01-0430 MMM (RZx) (C.D. Cal. 2001)[;] Broemer v. United States, et al., No. CV 03-09097 ER (RZx) (C.D. Cal. 2003)[;] Broemer v. Federal Bureau of Investigation, et al., No. CV 08-05515 MMM (RZx) (C.D. Cal. 2008)[;] Broemer v. George Bush, et al., CV 10-05193 MMM (RZx) (C.D. Cal. 2008).

Broemer v. Bush, No. 2:10-cv-05193-MMM-RZ (Feb. 6, 2014 C.D. Cal.), dkt. 62 at 16 ("2014 Vexatious Litigant Order"). The court also found it appropriate for Broemer to submit for screening any pleadings against the following parties:

(1) the Central Intelligence Agency, (2) the Federal Bureau of Investigation, (3) the Department of Justice, (4) the National Security Agency, (5) the Department of Homeland Security, (6) the Defense Intelligence Agency,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-5213-CAS(SKx) | Date | December 22, 2016 |
|---|---|---|---|
| Title | GLEN BROEMER v. THE CITY OF OXNARD ET AL. | | |

(7) the United States Secret Service, (8) the United States Army, (9) the Internal Revenue Service, (10) the United States Postal Service, (11) the Office of Personnel Management, (12) the National Personnel Records Center, (13) any agent or employee of those agencies and departments (14) the United States House of Representatives, (15) the City and County of Los Angeles, (16) former President George W. Bush; (17) former Vice President Dick Cheney; (18) former CIA director George Tenet; and (19) former Minnesota Governor Tim Pawlenty.

Id. at 17.

In the SAC—filed on November 28, 2016—plaintiff asserts two claims: (1) violation of his constitutional rights under 42 U.S.C. § 1983; and (2) IIED. Dkt. 48. The gravamen of plaintiff's claims is that his "cats were poisoned and intentionally exposed to parasites and other physical harms while Plaintiff resided in the City of Oxnard, which individually or in combination led to the deaths of these pets." Id. ¶ 9.

The Court finds that the claims in plaintiff's SAC run afoul of the 2014 Vexatious Litigant Order, in that they plead claims based on injuries to plaintiff's pets. Accordingly, the Court has hereby reviewed and screened the SAC and concludes that plaintiff's claims fall within the prohibitions of the 2014 Vexatious Litigant Order. The Court therefore **STRIKES** the SAC and **ORDERS** plaintiff to lodge a third amended complaint within thirty (30) days of the date of this order. The City's request for a status conference to seek a stay is therefore **DENIED** as moot.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |